## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission,<br>    10 S. Howard Street, 3rd Floor<br>    Baltimore, MD 21201,<br><br>                    Plaintiff,<br><br>        v.<br><br>M&R Consulting, LLC,<br>    d/b/a Home Instead Senior Care,<br>    1200 East Joppa Road, Suite B,<br>    Towson, Maryland 21286,<br><br>                    Defendant. | Civil Action No.<br><br><br><br><br>COMPLAINT<br><br><br><br>JURY TRIAL DEMAND |

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended through the ADA Amendments Act of 2008 ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Constance Davis ("Davis"), who was adversely affected by such practices. As alleged with greater particularity below, the United States Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant M&R Consulting, LLC d/b/a Home Instead Senior Care ("Defendant") unlawfully discriminated against Davis by rescinding her offer of employment as a home caregiver because she was regarded as having tuberculosis, in violation of the ADA.

### JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil

Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) & (3); and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Maryland, Northern Division.

## PARTIES

3.      Plaintiff, the United States Equal Employment Opportunity Commission, is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) & (3).

4.      At all relevant times, Defendant has continuously been a corporation doing business in the State of Maryland with at least fifteen (15) employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6.      At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty days prior to the institution of this lawsuit, Davis filed a charge with the Commission alleging violations of Title I of the ADA by Defendant.

8.      On or around April 12, 2018, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On or around May 8, 2018, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

STATEMENT OF CLAIMS

13.     Defendant engaged in unlawful employment practices in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a) beginning in or around March 2017 when it rescinded Davis's offer of employment based on a perceived disability.

a.      In January 2017, Davis applied for a caregiver position with Defendant.

b.      At the time of her application, Davis had caregiving experience.

c.      On February 14, 2017, Defendant conditionally offered her the position, and Davis thereafter underwent a background investigation, drug screen and purified protein derivative ("PPD") skin test.  Because Davis's PPD skin test result was positive for tuberculosis, Defendant's Human Resources Coordinator Heather Holdaway directed Davis to submit to a chest x-ray.

d.      Prior to that time, Davis had never tested positive for tuberculosis or exhibited any

3

symptoms related to tuberculosis.

      e.      A positive PPD skin test only shows that a person has been infected with tuberculosis bacteria and not whether the person has latent tuberculosis or has progressed to tuberculosis disease.

      f.      On March 6, 2017, Davis emailed Holdaway the results of her normal chest x-ray, confirming she did not have tuberculosis.

      g.      In an email dated March 9, 2017, Holdaway informed Davis that Defendant was rescinding its offer:

> *Due to the positive results we will have to rescind our conditional offer of employment. I apologize for taking so long to get back to you, but I did want to confirm it all with our Office Manager and Owner first, as I was not sure what the difference was with the latent results. They have confirmed with me today though that any positive results are not accepted whether latent or otherwise.*

      h.      At all relevant times, Davis was an individual with a perceived disability as defined by the statute.

      i.      At all relevant times, Davis was qualified to perform the essential functions of the job.

      14.      The effect of the practices complained of above has been to deprive Davis, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

      15.      The effect of the practices complained of above has been to deprive Davis, who was at all times qualified, of equal employment opportunities and otherwise adversely affect her rights under the ADA resulting in expenses incurred due to lost wages, emotional pain, suffering, inconvenience, mental anguish, embarrassment, frustration, humiliation, and loss of enjoyment of

life.

16.    The unlawful employment practices complained of above were intentional.

17.    The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Davis.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice that discriminates on the basis of disability;

B.    Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for qualified individuals with disabilities and eradicate the effects of its past and present unlawful employment practices, and prevent disability discrimination from occurring in the future;

C.    Order Defendant to make whole Davis by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to frontpay and reinstatement;

D.    Order Defendant to make whole Davis by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial;

E.    Order Defendant to make whole Davis by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including

emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, frustration, and humiliation, in amounts to be determined at trial;

F.      Order Defendant to pay Davis punitive damages for its malicious and reckless conduct, in an amount to be determined at trial;

G.      Order Defendant to sign and conspicuously post, for a designated period of time, a notice to all employees that sets forth the remedial action required by the Court and inform all employees that it will not discriminate against any employee because of a disability, including that it will comply with all aspects of the ADA;

H.      Grant such further relief as the Court deems necessary and proper in the public interest; and

I.      Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

Respectfully submitted,

JAMES L. LEE
Acting General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

DEBRA M. LAWRENCE
Regional Attorney

MARIA SALACUSE
Supervisory Trial Attorney

Equal Employment Opportunity Commission
Baltimore Field Office
George H. Fallon Federal Building
31 Hopkins Plaza, Suite 1432
Baltimore, MD 21201-2525
phone: 410-209-2733 | fax: 410-962-4270
maria.salacuse@eeoc.gov