IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

____ FILED ____ ENTERED
____ LOGGED ____ RECEIVED

SEP - 4 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| | |
|---|---|
| U.S. Equal Employment Opportunity Commission, ) ) ) Plaintiff, ) ) v. ) M&R Consulting, LLC, ) d/b/a Home Instead Senior Care, ) ) Defendant. ) | Civil Action No. 1:18-cv-01638-ELH |

## CONSENT DECREE

This action was instituted by Plaintiff, Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against Defendant M&R Consulting, LLC, doing business as Home Instead Senior Care ("Defendant") alleging that Defendant unlawfully discriminated against Constance Davis when it rescinded her offer of employment as a home caregiver because it regarded her as having tuberculosis, in violation of Sections 102(a) of the Americans with Disabilities Act ("the ADA") of 1990, as amended through the Americans with Disabilities Amendments Act of 2008, 42 U.S.C. § 12112(a). The parties desire to resolve the Commission's action without the time and expense of continued litigation, and to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of the ADA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure and the ADA. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is

ORDERED, ADJUDGED AND DECREED:

## Scope of Decree

1. This Decree resolves all issues and claims in the Complaint filed by the Commission in this ADA action which emanated from the Charge of Discrimination filed by Constance Davis. This Decree in no way affects the Commission's right to process any other pending or future charges that may be filed against Defendant and to commence civil actions on any such charges as the Commission sees fit.

2. This Decree shall be in effect for a period of two years from the date it is entered by the Court. During that time, this Court shall retain jurisdiction over this matter and the parties for purposes of enforcing compliance with the Decree, including issuing such orders as may be required to effectuate the purposes of the Decree.

3. Except as otherwise specified in this Decree, the terms of this Decree apply to all of Defendant's facilities.

4. This Decree, being entered with the consent of Plaintiff and Defendant, shall not constitute an adjudication or finding on the merits of the case.

## Relief to Constance Davis

5. Within ten business days of entry of this Decree, Defendant shall pay Constance Davis monetary relief in the total amount of $40,000, representing $14,912 in back pay and $25,088 in compensatory damages. Defendant shall administer proper withholdings from the back pay portion for taxes and required employee contributions for FICA and Medicare. Defendant's required employer contributions for FICA and Medicare are separate from, and shall not be deducted from, the portion of the payment representing compensatory damages. The check will be sent directly to Davis, and a photocopy of the check and related correspondence will be emailed to the EEOC Supervisory Trial Attorney Maria Salacuse at

maria.salacuse@eeoc.gov. Defendant will issue to Davis a United States Internal Revenue Services Form 1099 for the 2018 tax year for the compensatory damages amounts paid to her and a W-2 form for the back pay paid to her.

### Injunctive Relief

6. Defendant, its officers, agents, servants, employees and all persons acting or claiming to act in its behalf and interest hereby is enjoined from denying employment opportunities to qualified individuals with disabilities and violating the provisions of Title I of the ADA, including the following provision:

> No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring . . . and other terms, conditions, and privileges of employment.

ADA, Title I, Section 102(a). Specifically, Defendant shall not refuse to hire or otherwise exclude or disqualify any individual from employment with Defendant based solely on a positive purified protein derivative skin test without first (a) performing an assessment of whether the applicant or employee poses a direct threat using an assessment process and decisional criteria that comply with the ADA and (b) considering whether there are any reasonable accommodations available that could eliminate or significantly reduce any perceived safety risk to an acceptable level.

### Creation and Dissemination of Hiring Procedures

7. Within two months from the entry of this Decree, Defendant shall create hiring procedures which (a) clearly state that applicants shall not be excluded from employment simply because of an applicant has received a positive purified protein derivative skin test result and (b) sets forth detailed steps which comply with the ADA for determining whether an individual has active or latent tuberculosis. Defendant shall disseminate such hiring procedures to all human

3

resources personnel and all personnel who are involved with the screening process and hiring process. Within 30 days of the creation and dissemination of the procedures, Defendant will provide certification to the Commission's counsel of record that the policy was distributed.

8. Within two months from the entry of this Decree, Defendant shall revise the testing forms distributed to applicants during the screening process to clearly state that applicants shall not be excluded from employment simply by virtue of receiving a positive purified protein derivative skin test. The revised testing form shall be distributed to applicants to whom a conditional offer of employment is made upon notification of the requirement to undergo a tuberculosis screening test. Within 30 days of the revision, Defendant will provide certification to the Commission's counsel of record detailing the manner in which the forms are being provided to all applicants to whom a conditional offer of employment has been extended.

## ADA Training

9. Within two months from the entry of this Decree, and every year thereafter for the duration of this Decree, Defendant will provide training on the requirements and prohibitions of the ADA to all human resources personnel and all personnel who are involved with the pre-employment drug screening process and hiring process. The ADA training will be conducted by an outside organization or law firm approved by the EEOC and shall cover all areas of prohibited ADA discrimination, but will include a special emphasis on the following topics:

    a. An explanation of the employer's obligation to conduct an individualized assessment in determining whether an applicant or employee is disabled under the ADA;

    b. A list of appropriate methods for determining whether an applicant or employee poses a direct threat as defined by the ADA, including but not limited to the use of medical and vocational rehabilitation expertise and opinions;

4

      c.    An explanation of the employer's obligation to engage in the interactive process under the ADA; and

      d.    An explanation of the difference between latent and active tuberculosis and how persons with latent tuberculosis are not infectious and cannot spread the tuberculosis infection to others.

    10.    At least twenty days prior to the training program, Defendant shall provide the Commission with a detailed agenda of the training. At least ten days prior to the training program, the Commission shall either: (a) notify Defendant that it approves the agenda for the training program or (b) notify Defendant of any changes or additions that the Commission would like Defendant to make to the agenda for the training program. Within ten days after completion of the training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

    11.    Within two months from the entry of this Decree and within five days of the date of hire and/or promotion of newly hired human resources personnel and all personnel who are involved with the pre-employment screening process and hiring process, Defendant shall provide such personnel with ADA training. The training will be conducted live or in DVD/Video format. The content of the training shall be the same as that set forth in paragraph 9. Defendant will maintain records identifying the name and job title of the employees receiving such training, the date of commencement of each such employee's managerial or supervisory position, and date of training. Every six months, for the duration of this Decree, Defendant will forward to EEOC a copy of the records regarding such training.

### Notice and Postings

12. Within ten business days of entry of this Decree, Defendant will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations, 29 C.F.R. § 1601.30, in all places where notices to employees customarily are posted at its facilities.

13. Within ten business days of entry of this Decree, Defendant will post in all places where notices to employees customarily are posted at its facilities Exhibit A ("Notice to Employees"). This Exhibit shall be posted and maintained for the duration of the Decree and shall also be signed by Defendant's Owner Jerry DePetris with the date of actual posting shown thereon. Should the Exhibit become defaced, marred, or otherwise made unreadable, Defendant will ensure that new readable copies of the Exhibits are posted in the same manner as heretofore specified. Within 30 days of approval of this Decree, Defendant shall forward to the Commission's Baltimore Field Office a copy of the signed Notice (Exhibit A) and written certification that all Exhibits have been posted and a statement of the location(s) and date of posting.

### Monitoring Provisions

14. On a bi-annual basis, Defendant will prepare and submit to the Commission

a. a list of all individuals who have complained (internally or externally) of or reported any disability discrimination at Defendant's facilities on the basis of disability during that quarter. This list will include each individual's name; home address; home telephone number; nature of the individual's complaint; name of individual who received the complaint or report; date complaint or report was received; description of Defendant's actions taken in response to the complaint or report, including the name of each manager or supervisor involved

in those actions. If no individuals have complained of or reported any discrimination in employment on the basis of disability during that quarter, Defendant will so inform the Commission's Baltimore Field Office.

      b.     a list of all applicants who informed Defendant of a positive purified protein derivative skin test result. The list will include each individual's name; the individual's date of application; and whether the individual was hired or not hired. For the individuals identified on the list as not being hired, Defendant shall provide to the Commission the individual's address and phone number and submit all documents which support the basis for the individual's nonselection.

      15.     In addition to the monitoring provisions set forth elsewhere in this Decree, EEOC may monitor compliance during the duration of this Decree by inspection of Defendant's premises, records, and interviews with employees at reasonable times. Upon five days' notice by the EEOC, Defendant will make available for inspection and copying any records requested by EEOC, facilities sought to be inspected by EEOC, and employees sought to be interviewed by EEOC.

      16.     All materials required by this Decree to be sent to EEOC shall be addressed to:

> Equal Employment Opportunity Commission
> Baltimore Field Office
> Attention: Maria Salacuse, Supervisory Trial Attorney
> George H. Fallon Federal Building
> 31 Hopkins Plaza, Suite 1432
> Baltimore, MD 21201-2525
> maria.salacuse@eeoc.gov

      17.     The Commission and Defendant shall bear their own costs and attorneys' fees.

18.   The undersigned counsel of record in the above-captioned action hereby consent, on behalf of its respective clients, to the entry of the foregoing Consent Decree.

Respectfully submitted,

FOR PLAINTIFF:                                          FOR DEFENDANT:

_____/s/_____                               _____/s/_____
Debra M. Lawrence                                       David G. Ross, Esq.
(Signed by Maria Salacuse with permission of            (Signed by Maria Salacuse with permission of
Debra M. Lawrence)                                      David G. Ross)
Regional Attorney                                       Ross Law Firm, LLC
                                                        800 King Farm Road, Suite 500
                                                        Rockville, MD 20850
_____/s/ Maria Salacuse_____                     Phone: (301) 610-7730
Maria Salacuse (Bar No. 15562)                          Fax: (301) 738-7060
Supervisory Trial Attorney                              dross@davidrosslaw.com
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                              _____/s/_____
Baltimore Field Office                                  Diane Seltzer Torre, Esq.
George H. Fallon Federal Building                       (Signed by Maria Salacuse with permission of
31 Hopkins Plaza, Suite 1432                            Diane Seltzer Torre)
Baltimore, MD 21201-2525                                SELTZER LAW FIRM
Phone: (410) 209-2733                                   4800 Hampden Lane, Suite 200
Fax: (410) 962-4270 E-mail:                             Bethesda, MD 20814
maria.salacuse@eeoc.gov                                 Phone: (301) 500-1550
                                                        dseltzer@seltzerlawfirm.com

**SO ORDERED.**

The Clerk is directed to close this case.

Signed and entered this 4th day of Sept., 2018.

_____
Ellen L. Hollander



# NOTICE TO APPLICANTS AND EMPLOYEES POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE EEOC AND M&R CONSULTING, LLC d/b/a HOME INSTEAD SENIOR CARE

The Americans with Disabilities Act ("the ADA") makes it unlawful for an employer to refuse to hire or otherwise exclude or disqualify any applicant from employment based on any perceived safety risk related to the individual's disability without first

(a) performing an assessment of whether the applicant or employee poses a direct threat using an assessment process and decisional criteria that comply with the ADA and

(b) considering whether there are any reasonable accommodations available that could eliminate or significantly reduce any perceived safety risk to an acceptable level.

M&R Consulting, LLC d/b/a Home Instead Senior Care is committed to complying with the ADA. To that end, it has created and disseminated procedures which make clear that an applicant shall not be excluded from employment simply because an applicant has received a positive purified protein derivative skin test result since persons with latent tuberculosis are not infectious.

As always, employees or job applicants should feel free to report instances of discriminatory treatment to a supervisor, a manager, or Human Resources [INSERT NUMBER] at any time. We have established policies and procedures to promptly investigate any such reports and to protect the person making the reports from retaliation, including retaliation by the person allegedly guilty of the discrimination.

Individuals are also free to make complaints of employment discrimination directly to the Equal Employment Opportunity Commission's Baltimore Field Office at the George H. Fallon Federal Building, 31 Hopkins Plaza, Suite 1432, Baltimore, Maryland 21201 or by calling 1-800-669-4000/ TTY (410) 962-6065. General information may also be obtained on the Internet at www.eeoc.gov.

Owner Jerry DePetris
M&R Consulting LLC
d/b/a Home Instead Senior Care

Date Posted: